## ERATH COUNTY v. WILLIAM ROBINSON ET AL.

Where two or more persons are liable to be sued, the suit may be brought in the precinct where either defendant resides. (Paschal's Dig., Art. 1216.)

Where the taker-up of an estray sold the animal at his own residence, and not at the court-house, he is liable to the county for one-half the value of the animal. (Paschal's Dig., Arts. 3678–3682.)

The fact that the party paid into the county treasury one-half the proceeds of the sale is no satisfaction of his bond.

APPEAL from Erath. The case was tried before Hon. WILLIAM Y. McFARLAND, one of the district judges.

The judgment being against the county, it gave notice of appeal, but did not enter into a bond.

William Robinson took up an estray mule under the 2d section of the estray laws. (Paschal's Dig., Art. 3678.) He gave the usual bond, conditioned to comply with terms of the act. He sold the mule at his own house, instead of at the court-house door, as required by the 5th section of the act. (Paschal's Dig., Art. 3681.) He paid into the county treasury $10 35, which he said was one-half of the proceeds of the sale, to which the county was entitled. The treasurer gave him a receipt, and paid the scrip to the county court, and caused it to be burned. (Paschal's Dig., Art. 3681.) The county court, learning that the sale had been made at the residence of the party, and not at the court-house, ordered suit upon the bond before a justice of the peace. The justice gave judgment against the defendant, and he prosecuted the *certiorari* to the district court. Upon trial, the bond was proven, and also that the

mule was worth $45. The defendant proved the acts of the treasurer and county court, and claimed that it was a satisfaction. Under the instructions of the court, which warranted it, the jury returned a verdict for the defendant, and the county gave notice of appeal.

*R. W. Scott,* for the appellant, cited the estray laws.

No brief for the appellee has been furnished to the *Reporter.*

LATIMER, J.—On the 12th of May, 1857, the appellees executed a bond, in the sum of $90, to the chief justice of the county of Erath, conditioned for the faithful observance of the estray law then in force, respecting an estray which had been taken up by the principal in the bond. In January, 1859, the chief justice instituted suit before a justice of the peace for a breach of the bond. There was a judgment by the justice of the peace against the obligors in the bond for the sum of $45. A writ of *certiorari* was prayed for and granted, and there was a trial *de novo* in the district court. The suit upon the bond was instituted because the taker-up of the estray sold the same at his own house, instead of the court-house door, as the law required.

There was a plea to the jurisdiction of the justice of the peace, on the ground that William Robinson, one of the obligors in the bond, was sued in another beat than the one in which he resided; but it nowhere appears in the record that the suit was in a beat in which none of the defendants resided. The supplementary act of the 20th March, 1848, provided, that where two or more persons are liable to be jointly sued before a justice of the peace, such suit may be brought before any justice of the peace in the precinct where either of the defendants may reside. [Paschal's Dig., Art. 1216.]

There was proof on the trial, in the district court, that the taker-up of the estray had paid to the county treasurer

a certain sum, as one-half of the proceeds of the sale of the estray; but there was no proof that the county court had consented to receive the amount paid in full discharge of the liability of the taker-up. On the contrary, it is shown that the county court, after inquiring into the sale, ordered suit to be instituted upon the bond of the taker-up for a violation of the law.

The evidence does not warrant the verdict of the jury, and a new trial ought to have been granted. It is not shown, by anything in the record, for what amount the estray was actually sold, but it is agreed that the animal was worth $45, and that the taker-up paid to the county treasurer only $10 25 cents.

The verdict should have been for one-half the value of of the estray, less the amount paid by the taker-up to the county treasurer.

The judgment is reversed, and the cause

REMANDED.